This was an action of ejectmenet brought to recover possession of a tract of land.
The plaintiff produced a grant dated the 15th of July, 1793, from the State of North Carolina, calling for five thousand acres of land, "lying on both sides of the south fork of Duck River, beginning on the north bank of the river, where the lower line of a survey made for John G. Blount and Thomas Blount crosses the same."
The survey of the Blounts was made on the 25th day of August, 1792, calling for five thousand acres of land "on both sides of the two main forks of *Page 147 
Duck River, beginning opposite the month of the War trace fork, at a black walnut, plumb tree and hickory; running thence west eight hundred and ninety-four poles to a backberry, thence south eight hundred and ninety-four poles to a stake crossing the river, thence east eight hundred and ninety four poles to a stake, thence north eight hundred and ninety-four poles, crossing the south fork of Duck River to the beginning."
The beginning corner to the survey of the Blounts was well established, but no actual survey ever had been made; nor had there been an actual survey of the land claimed by the plaintiff. The line in the survey of John G. Blount and Thomas Blount calling to run south, eight hundred and ninety-four poles to a stake, crossing the river, by actual survey stops one mile and eight poles short of the river. The grant of the plaintiff calls to begin where this line crosses the river.
The material question before the Court was, whether John G. and Thomas Blount had a right to extend their south line beyond the distance called for to the river?
The cases produced by the plaintiff had not been answered particularly by the counsel for the defendant. They seem to rely more upon the reason of the case than upon authority.
It is not necessary for me to say what would be my opinion were this a case res integra. It is sufficient that the question has been long settled both in this State and North Carolina. If the calls in an entry or grant are for a given course and distance, this course and distance must be pursued; but if there be also a call for a marked tree or a natural boundary, the party must go to the tree or natural boundary although it may vary from both course and distance. The natural boundary called for in this case is Duck River, and although the distance given falls short of *Page 148 
the river one mile and eight poles, yet, under the influence of the principle just mentioned, the grantees have a right to extend their line as far as the river. The call for crossing Duck River evidently shows that it was the intention to run at least to the bank on the opposite side of the river, and at the distance called for has given out the line must there stop, as there is nothing to which it can be attached to extend it beyond this point.
What would be the opinion of the Court in a case where there was an excessive surplus is not now necessary to be stated, as this is not so great as many cases where the rule has been adhered to. Indeed, so far as my knowledge on the subject extends no instance has occurred where the courts have been guilty of a departure from the rule.
I am, therefore, of opinion that John G. Blount and Thomas Blount, or those claiming under them, have a good legal claim by virtue of their grant as far as the river. Wherever this line crosses the river is the place where the plaintiff is to begin, which renders his place of beginning certain. 1 Hay. Rep. 252; 2 Hay. Rep. 160.